## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD NUNZIATO<br>8 Juniper Street<br>Ispswich, MA 01938,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a & a/k/a AMTRAK<br>30th & Market Streets<br>30th Street Station<br>Philadelphia, PA<br><br>       and<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>a/k/a MBTA<br>10 Park Plaza<br>Boston, MA 02116 | CIVIL ACTION NO.:<br><br>MAGISTRATE JUDGE<br><br>JURY TRIAL DEMANDED<br><br>RECEIPT #<br>AMOUNT $<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE |

### COMPLAINT

COMES NOW the plaintiff, Richard Nunziato, by and through the undersigned counsel, MyersLafferty Law Offices, P.C., and Law Offices of Mario Bozza, Esq., and claims of the defendant, National Railroad Passenger Corporation and defendant, Massachusetts Bay Transportation Authority, an amount in excess of the statutory arbitration limits, and avers the following:

1.    Plaintiff, Richard Nunziato, is an adult individual residing in Ipswish, MA.

2.    Defendant, National Railroad Passenger Corporation ("Amtrak"), is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate

commerce and transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3.      Defendant, Massachusetts Bay Transportation Authority ("MBTA") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts, 02116.

4.      At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant Amtrak as a conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

5.      At all times material hereto and for some time prior thereto, defendant Amtrak operated locomotives and/or trains owned and /or maintained by defendant MBTA.

## COUNT 1

## RICHARD NUNZIATO v. AMTRAK

6.      Plaintiff repeats, realleges and incorporated fully herein by reference the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.      This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51, et seq.

8.      On or about October 22, 2002, and in the course and scope of his employment, Plaintiff was ordered to protect a crossing and assist in the movement of a train due to a motor vehicle accident leaving an obstruction on the tracks located at the Elliot Street crossing in Beverly, Massachusetts.

9.      While so speaking to the train engineer by way of radio, plaintiff was struck by a motor vehicle in the crossing.

10.     As a result of the aforementioned, plaintiff was caused to suffer personal injuries more fully described below.

11.    Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with the proper tools and/or equipment to safely perform his duties;

(b)    failing to provide plaintiff with a safe method of protecting the crossing in the darkness of night;

(c)    failing to provide plaintiff with proper reflective equipment and/or reflective uniform to be seen in the darkness of night;

(d)    failing to provide plaintiff with proper crossing devices in order for plaintiff to safely direct the movement of the train and traffic without the risk of harm;

(e)    failing to remedy and/or correct the dangerous and/or hazardous conditions by not providing proper reflective devices and/or uniforms when defendant knew or should have known that said conditions existed;

(f)    failing to comply with governmental an/or other applicable safety regulations and/or guidelines concerning the protection at crossings, and/or movement of trains and /or uniforms; and

(g)    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or potential hazardous condition having plaintiff in a crossing in the darkness of night in a black uniform.

12.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was

3

caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his arm, back, and chest, resulting in fractured ribs by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

13.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

14.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

15.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

16.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**WHEREFORE**, plaintiff, Richard Nunziato, demands judgment in his favor and against defendant National Railroad Passenger Corporation. in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

**COUNT II**
**In Negligence**
**Pendent Jurisdiction Under U.S. Constitution,**
**Article III, Section 2**
**RICHARD NUNZIATO v. MBTA**

17.    Plaintiff repeats, realleges and incorporated fully herein by reference the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.    This action is brought against defendant, MBTA predicated upon negligence.

19.    On or about October 22, 2002, defendant, MBTA negligently maintained the Beverly Elliot Street Crossing, causing plaintiff to be in the crossing in the darkness of night and caused to be struck by a motor vehicle.

20.    As a result of the aforementioned, plaintiff was caused to suffer personal injuries more fully described below.

21.    Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

    (a)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with the proper tools and/or equipment to safely perform his duties;

    (b)    failing to provide plaintiff with a safe method of protecting the crossing in the darkness of night;

5

(c)     failing to provide plaintiff with proper reflective equipment and/or reflective uniform to be seen in the darkness of night;

(d)     failing to provide plaintiff with proper crossing devices in order for plaintiff to safely direct the movement of the train and traffic without the risk of harm;

(e)     failing to remedy and/or correct the dangerous and/or hazardous conditions by not providing proper reflective devices and/or uniforms when defendant knew or should have known that said conditions existed;

(f)     failing to comply with governmental an/or other applicable safety regulations and/or guidelines concerning the protection at crossings, movement of trains and/or uniforms; and

(g)     failing to discover, in the exercise of reasonable care, the defective, dangerous and/or potential hazardous condition having plaintiff in a crossing in the darkness of night in a black uniform.

22.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his arm, back, and chest, resulting in fractured ribs by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

23.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

6

24.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

25.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

26.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**WHEREFORE**, plaintiff, Richard Nunziato, demands judgment in his favor and against defendant National Railroad Passenger Corporation. in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated: 1-5-05

LAW OFFICES OF MARIO BOZZA

Mario Bozza, Esquire
63 Commercial Wharf
Boston, MA 02110
(617) 367-3100

Of Counsel:

MYERS LAFFERTY LAW OFFICES, P.C.
Steven M. Lafferty, Esquire
1515 Market Street, Suite 1310
Philadelphia, PA 19102