U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

C.A. NO. 05-10070-MEL

2005 FEB 11  P 1:56

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RICHARD NUNZIATO,<br>    Plaintiff<br><br>v.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION,<br>and MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>    Defendant | ANSWER OF DEFENDANTS<br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>AND NATIONAL RAILROAD<br>PASSENGER CORPORATION TO<br>PLAINTIFF'S COMPLAINT<br><br>DEFENDANTS REQUEST A TRIAL BY<br>JURY AS TO ALL ISSUES |

The defendants, National Railroad Passenger Corporation ("Amtrak") and Massachusetts Bay Transportation Authority ("MBTA") (collectively "Railroad Defendants"), hereby answer the plaintiff's Complaint as follows:

1. The Railroad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. The Railroad Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. The Railroad Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. The Railroad Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Railroad Defendants admit the allegations contained in paragraph 5 of the Complaint.

## COUNT I

6. The Railroad defendants restate and incorporate herein by reference their answers to Paragraphs 1 through 5 of plaintiff' Complaint as if set forth word for word.

7. The Railroad Defendants are not called upon to respond to this paragraph as it proposes statutory authority to bring suit.

8. The Railroad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. The Railroad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. The Railroad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. The Railroad Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The Railroad Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. The Railroad Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. The Railroad Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The Railroad Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The Railroad Defendants deny the allegations contained in paragraph 16 of the Complaint.

## COUNT II

17. The Railroad defendants restate and incorporate herein by reference their answers to Paragraphs 1 through 16 of plaintiff' Complaint as if set forth word for word.

18. The Railroad Defendants are not called upon to respond to this paragraph as it proposes authority to bring suit.

19. The Railroad Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The Railroad Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Railroad Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The Railroad Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Railroad Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The Railroad Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. The Railroad Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The Railroad Defendants deny the allegations contained in paragraph 26 of the Complaint.

WHEREFORE, defendants, Amtrak and MBTA, deny the plaintiff is entitled to judgment against defendants as alleged in the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claim fails to state a claim upon which relief can be granted under the Federal Employer's Liability Act (45 (USC §51-59), the Boiler Inspection Act (45 §23-24), or the Safety Appliance Act (45 USC §1 et. seq.)

2. Plaintiff's claim is barred by the Statute of Limitations as set out in 45 USC § 56.

3. Plaintiff's claim is barred because his negligence was the <u>sole</u> cause of his injuries. <u>Higley v. Missouri Pacific R. Co.</u>, 685 SW2d 572 (1985).

4. Plaintiff's claim is barred because the negligence of a third party was the cause of plaintiff's injuries.

5. Plaintiff's proven damages, if any, must be diminished by the fact finder in proportion to the amount of the plaintiff's contributory negligence, 45 USC §53.

6. Plaintiff's claim is barred because the alleged negligence and/or violations of the defendant, Amtrak, was not the proximate cause of the plaintiff's claimed injuries, but were rather the result of intervening and superseding causes for which the defendant, Amtrak is not responsible. <u>Davis v. Wolfe</u>, 263 US 239 (1923).

7. Plaintiff's claim is barred because he chose an unsafe method of performing his work. <u>Virginian Ry. Co. v. Viars</u>, 193 F.2d 547 (1952).

8. Plaintiff's claim is barred, or his proven damages must be diminished, as he failed to mitigate his damages. Brown v. Chicago and Northwestern Transportation Co., 516 NE2d 320 (1987).

9. Plaintiff's claim is barred because he was not an employee of the defendant, Amtrak when he allegedly injured himself. Kelley v. Southern Pacific Co., 419 US 318 (1974).

10. Plaintiff's claim is barred because he was not acting within the scope of his employment with the defendant, Amtrak when he allegedly injured himself. Getty v. Boston and Maine Corp., 505 F.2d 1226 (1974).

11. Plaintiff's claim is barred because the defendant, Amtrak provided the plaintiff with a reasonably safe place to work.

12. Plaintiff's claim is barred because the car was not in use for purposes of the Boiler Inspection Act or the Safety Appliance Act. Baltimore and Ohio Railroad Co. v. Hooven, 297 F. 919 (1924).

13. Plaintiff's claim is barred because the defendant, MBTA is not liable for its failure to have safety equipment that it is not required to have under the Boiler Inspection Act or the Safety Appliance Act. King v. Southern Pacific Trans. Co. 855 F.2d 1485 (1988).

14. Plaintiff's claim is barred because the equipment that was allegedly defective is not covered by either the Safety Appliance Act or the Boiler Inspection Act.

15. Plaintiff's claim is barred because the defendant, Amtrak did not violate the provisions of the Safety Appliance Act or the Boiler Inspection Act.

16. Plaintiff's claim is barred due to principles of Federal Pre-emption.

17. Plaintiff's complaint fails to state a claim upon which relief can be granted.

18. Plaintiff's claim should be barred because plaintiff was guilty of negligence which was a contributing cause of his injuries and which negligence was greater than the amount of negligence, if any, attributable to the MBTA, or alternatively, plaintiff's claim should be reduced by the amount of plaintiff's negligence.

19. The actions or inactions of MBTA were not the proximate cause of plaintiff's alleged injuries, but said injuries, if any, were the result of other intervening and superseding causes for which MBTA was not responsible.

20. The acts or failures to act alleged in the complaint were committed or omitted, if at all, by parties for whose conduct or inaction MBTA was not, and is not, legally responsible.

21. Plaintiff's Complaint is barred by the Statute of Limitations.

22. To the extent that plaintiff seeks recovery from MBTA for pain and suffering, such claims are barred by the provisions of G.L. c.231, §6D.

23. Plaintiff's claims are barred because plaintiff has failed to mitigate the damages plaintiff claims, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate damages.

DEFENDANTS, AMTRAK AND MBTA, CLAIM THE RIGHT TO TRIAL BY JURY ON ALL ISSUES.

WHEREFORE, defendants, Amtrak and MBTA, respectfully request that the Court:

1. Deny the relief sought by plaintiff in the complaint and dismiss the complaint with prejudice;

2. Award Railroad Defendants reasonable costs and attorneys' fees; and

3. Order such other and further relief as the Court deems just and proper.

NATIONAL RAILROAD
PASSENGER CORPORATION
and MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
By their attorney,

_____
Edward P. Harrington
Assistant General Counsel
MBTA Law Department
Ten Park Plaza
Boston, MA 02116
(617) 222-3192
BBO #559482

Dated: _____

CERTIFICATE OF SERVICE

I hereby certify that on the above date, I served a copy of the foregoing, postage pre-paid to all counsel of record.

_____
Edward P. Harrington
Assistant General Counsel