IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 MAR 21 P 2: 27

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| RICHARD NUNZIATO<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD<br>PASSENGER CORP. and<br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>Defendant. | Civil Action No:05-10070MEL |

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 (D)

Plaintiff, Richard Nunziato and Defendants, National Railroad Passenger Corporation a/k/a, Amtrak, and Massachusetts Bay Transportation Authority a/k/a/ MBTA hereby submit the following Joint Statement pursuant to Local Rule 16.1 D and Fed. R. Civ. P. 26(f):

### JOINT DISCOVERY PLAN

I.  **BACKGROUND**

**Plaintiff**

The plaintiff filed his complaint on January 11, 2005. On October 22, 2002 and in the course of his duties, through no fault of his own, the plaintiff was injured. The plaintiff has filed this Complaint to recover for damages resulting from this incident, including, but not limited to her lost of wages pursuant to the Acts of Congress, April 22, 1908 c. 149, 35 Stat. 65 and amendment thereto, U.S.C.A. Title 45, section 51, et seq., and further amended by the Act of Congress on August 11, 1939, Chapter 685 – 1st Session of the 76th Congress, know and cited as "The Federal Employers' Liability Act".

**Defendant**

On October 22, 2002, Defendant, Massachusetts Bay Transportation Authority (MBTA) had contracted with defendant National Railroad Passenger Corporation d/b/a Amtrak, to run its Commuter Rail System. The MBTA owning the tracks, rolling-stock, and maintenance facilities, and Amtrak providing the workforce.

On October 22, 2002, the plaintiff, a then employee of the defendant Amtrak, was struck by an automobile when he was *flagging* the Eliot Street Crossing in Beverly, Massachusetts.

Defendant, MBTA denies that it, or any of its agents and/or employees, were negligent and/or otherwise involved in the subject accident, Moreover, the subject lawsuit was filed (January 11, 2005) outside the two-year Statute of Limitation made applicable to the MBTA and its agents pursuant to G.L.c. 161 As38.

Defendant Amtrak denies that it was negligent, and further, asserts that it provided the plaintiff with *reasonably safe working condition*, as mandated by the FELA.

## DOCUMENT DISCOVERY

The parties will complete basic document discovery sufficient to enable them to commence taking deposition by June 2005. Any necessary motions to compel production of documents will be filed promptly. The parties may serve further request for documents, as needed, through June, 30 2005. The parties may also seek discovery of documents in the possession of third parties by initiating such request prior to June, 30, 2005.

## DEPOSITIONS

The parties will complete depositions of the party and/or representative by September 30, 2005 and non-party witnesses by October 30, 2005. Each party

may notice up to 10 depositions as set forth in Local Rule 26.1 (c), without obtaining leave of the Court. Expert witnesses will not be deposed until the depositions of fact witnesses have been completed.

### EXCHANGE OF WITNESS LISTS

The parties will exchange lists of fact witnesses who may be called at trial by September 30, 2005. Either party may make additions thereafter upon showing good cause.

The parties will each disclose the names of their experts by October 1, 2005. Expert witness reports will be exchanged by the parties on or before November 1, 2005. Either party may depose the other party's experts. Expert depositions will be completed by November 30, 2005.

### MOTIONS SCHEDULE

The parties may file dispositive motions at any time but in no event after November 15, 2005.

### PRE-TRIAL CONFERENCE

The parties anticipate that a final pre-trial conference would be scheduled by the Court for a date in December, 2005.

### CERTIFICATION

The certification required by Local Rule 18.1 (D) (3) are annexed hereto 16.1(D)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD NUNIZATO )
 )
       Plaintiff, ) Civil Action No:05-10070-MEL
 )
v. )
 )
NATIONAL RAILROAD )
PASSENGER CORP. and )
MASSACHUSETTS BAY )
TRANSPORTATION AUTHORITY )
       Defendant. )

## CERTIFICATION

The plaintiff, Richard Nunziato, and its counsel hereby certify that they have conferred:

(a) with a view toward establishing a budget for the costs of conducting this litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as this outlined in Local Rule 16.4

By: _____
Mario Bozza, Esq.
BBO:# 052860
63 Commercial Wharf
Boston, MA 02110

3-17-05

Of counsel

Steven M. Lafferty, Esq.
MYERS LAFFERTY LAW OFFICES, P.C.
1515 Market Street, Suite 1310
PHILADELPHIA, PA 19102
**ATTORNEYS FOR PLAINTIFF**